```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MICHAEL D. TORRES, | Civil No. 14-5243 (NLH/AMD) |
| Plaintiff, | |
| v. | OPINION |
| BOROUGH OF LINDENWOLD, THOMAS J. BRENNAN, BOROUGH OF LINDENWOLD CHIEF OF POLICE, PATROLMAN EDWARD SLIMM, PATROLMAN RONALD BURROWS, JR., JOHN DOES 1-25, | |
| Defendants. | |

**APPEARANCES**:

RANDY P. CATALANO
51 SOUTH WHITE HORSE PIKE
SUITE 100
AUDUBON, NJ 08016
     On behalf of plaintiff


JOHN CHARLES GILLESPIE
PARKER MCCAY, PA
THREE GREENTREE CENTRE
7001 LINCOLN DRIVE WEST
PO BOX 974
MARLTON, NJ 08053
     On behalf of defendants

**HILLMAN**, District Judge

     This case involves allegations of excessive force by police officers.  Presently before the Court is the motion of defendants to dismiss several of plaintiff's claims.  For the reasons expressed below, defendants' motion will be granted in

part and denied in part.

## BACKGROUND

According to his complaint, on the evening of August 25, 2012, plaintiff, Michael D. Torres, was standing in one of the common areas of the Arborwood Condominiums in Lindenwold, New Jersey.  Torres, a resident of Arborwood, was talking with another tenant.  Plaintiff claims that this common area was not accessible by motor vehicles and it had no paved roadways.  Despite this, plaintiff claims that suddenly a dark colored motor vehicle drove toward plaintiff and the other tenant.  They ran to avoid the car, but it continued to chase plaintiff through the unpaved common areas and eventually struck him, running over his leg causing an open wound and serious injuries.  The vehicle stopped after hitting plaintiff.  The operator and the passenger got out, defendants Edward Slimm and Ronald Burrows, Jr., and identified themselves as police officers.  Until the officers exited the vehicle, plaintiff claims that he did not know that the vehicle was an unmarked police car.

The defendant officers arrested plaintiff on suspicion of drug distribution and resisting arrest, and he was transported to the hospital for the treatment of his injuries.  After treatment, he was released on his own recognizance, and the charges were ultimately dismissed.

Plaintiff filed the instant suit against Slimm and Burrows,

2

as well as the Borough of Lindenwold and the Chief of Police, Thomas Brennan.  Plaintiff alleges that defendants committed numerous civil rights and tort violations under state and federal law.  Defendants have moved to dismiss several of plaintiff's claims.  Plaintiff has opposed their motion.

## DISCUSSION

**A.   Subject matter jurisdiction**

Plaintiff has brought his claims for violations of the federal and New Jersey constitutions, as well as under New Jersey state law.  This Court has jurisdiction over plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367.

**B.   Standard for Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence,

and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded

4

facts as true, but may disregard any legal conclusions. Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950). Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). A complaint must do more than allege the plaintiff's entitlement to relief. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").

A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents

5

attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

   **C.  Analysis**

Plaintiff's complaint verges on the "everything but the kitchen sink" approach to pleading.  Plaintiff alleges "damages for deprivation and violation of rights secured to him by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, by 42 U.S.C. § 1983 and by the New Jersey Constitution.  Plaintiff[] seeks redress for defendants' violation of his Fourth Amendment rights to be free from excessive force, unlawful arrest, false imprisonment, and malicious prosecution; for the violation of his 14th Amendment rights to due process of law; for the violation of his rights provided by 42 U.S.C. § 1983; for conspiring with each other to

violate his rights under the Fourth and 15th[1] Amendments; for the violation of constitutional rights including the right to be free from excessive force, false arrest, false imprisonment, malicious prosecution, malicious abuse of process, intimidation, retaliation, emotional distress and negligence; and for defendants conspiracy to commit these violations." (Compl. ¶¶ 1-2.)  Plaintiff also claims that the individual officers committed assault and battery.  (Id. ¶ 55.)

Defendants have moved to dismiss many of plaintiff's claims, arguing that they are conclusory, bare-bone recitations of the legal elements of such claims which merely allege plaintiff's entitlement to relief, rather than the appropriate substantive facts to give defendants notice of plaintiff's claims.  The Court agrees with defendants that many of plaintiff's claims fail to fulfill the Iqbal/Twombly standard of pleading viable claims.

For the reasons that follow, this Court concludes that when viewed in its entirety and as currently pleaded only the following claims meet the Iqbal/Twombly standard: (1) plaintiff's Fourth Amendment claims, brought pursuant to § 1983, against Officer Slimm, (2) plaintiff's excessive force claims

---

[1] The Court presumes that reference to the 15th Amendment is a typographical error, as the 15th Amendment relates to voting rights.

7

arising under the New Jersey Constitution and the New Jersey Civil Rights Act against Officer Slimm, and (3) plaintiff's negligence and assault and battery claims against Officer Slimm. All other claims must be dismissed with leave to re-plead.

**(1) Plaintiff's excessive force claims**

Section 1983 is not a source of substantive rights, but provides a vehicle for vindicating the violation of other federal rights. Graham v. Connor, 490 U.S. 386, 393-94 (1989). Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Municipalities and other local government units are among those "persons" to which § 1983 liability applies. Monell v. New York City Dep't of Social Services, 436 U.S. 658, 690

8

(1978).  Local governments, however, cannot be held liable for the actions of their employees solely based on the doctrine of *respondeat superior*.  Id. at 691-95; Bielevicz v. Dubinon, 915 F. 2d 845, 849-50 (3d Cir. 1990).  In order to successfully state a claim for municipal liability, a plaintiff must allege that the employees' actions were pursuant to a policy or custom of the municipality itself.  Monell, 436 U.S. at 694; Watson v. Abington, 478 F.3d 144, 155 (3d Cir. 2007).

To show the existence of a policy or custom under Monell, a plaintiff must allege that the municipality acted or failed to act in any one of three ways.  First, the municipality adopted an official policy that deprives citizens of their constitutional rights.  Monell, 436 U.S. at 694.  Second, it tolerated or adopted an unofficial custom that results in the unlawful stripping of constitutional rights.  Natale v. Camden County Correctional Facility, 318 F.3d 575 (3d Cir. 2003).  Third, it failed to "train, supervise, or discipline" its employees so as to prevent them from unlawfully depriving citizens of their constitutional rights.  City of Oklahoma v. Tuttle, 471 U.S. 808 (1985).  "A municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'"  Connick v. Thompson, 131 S.Ct. 1350, 1359 (2011).

9

With regard to plaintiff's excessive force claim, in determining whether excessive force was used, the Fourth Amendment's "objective reasonableness" test is applied. Sharrar v. Felsing, 128 F.3d 810, 820-21 (3d Cir. 1997) (citing Graham v. Connor, 490 U.S. 386, 396 (1989)).  The objective reasonableness test "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  Id. (relying on Graham, 490 U.S. at 396; Groman v. Township of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995)).  "Other relevant factors include the possibility that the persons subject to the police action are themselves violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time."  Id.

The facts in plaintiff's complaint state a claim for excessive force against Officer Slimm because, according to plaintiff, Slimm was the driver of the unmarked police car who ran over plaintiff's leg in an effort to effect his arrest. Evidence gathered through discovery will determine whether Slimm acted objectively reasonably, and therefore entitled to

10

qualified immunity, in his actions to secure plaintiff's arrest. For now, the facts alleged in the Complaint set for a plausible claim for the use of excessive force in violation of the Fourth Amendment.  See, e.g., Middlebrooks v. Alba, 2011 WL 3651337, *7 n.10 (D.N.J. 2011) ("Indeed, a police officer cannot be entitled to qualified immunity if the officer then runs over the suspect with his car or commits an analogous act laden with the danger of physical injury to the suspect.").  Such claims are cognizable under § 1983.  Because an excessive force claim in violation of the federal constitution and in violation of § 1983 would also state claims under the state constitution and the New Jersey Civil Rights Act, those claims will be allowed to proceed as well.[2]

In contrast, the facts pleaded by plaintiff, at this stage, fail to state a claim for municipal liability against the Borough of Lindenwold.  Plaintiff alleges that the Borough,

---

[2] Excessive force claims brought under the New Jersey Constitution and the New Jersey Civil Rights Act are analyzed under the same "reasonableness" standard employed under the Fourth Amendment. See State v. Ravotto, 777 A.2d 301, 306 (N.J. 2001) ("Under the Fourth Amendment of the United States Constitution and Article I, Paragraph 7 of the New Jersey Constitution, a search or an arrest by the police must be reasonable, measured in objective terms by examining the totality of the circumstances."); Trafton v. City of Woodbury, 799 F. Supp. 2d 417, 443 (D.N.J. 2011)  (explaining that the New Jersey Civil Rights Act was modeled after 42 U.S.C. § 1983, and creates a private cause of action for violations of civil rights secured under the New Jersey Constitutions).

through its police department,[3] has failed to properly train its officers on the proper use of force and was aware of constitutional violations by municipal officers in the past. At first blush it might seem plausible – accepting plaintiff's claims as true - that if Officer Slimm sped onto the grassy common area of an apartment complex in an unmarked car, chased plaintiff, who was innocently standing there talking to a neighbor, and then ran over his leg, that the Borough had failed to properly train its police officers on how to apprehend suspects within the bounds of the Fourth Amendment.

However, that is a conclusion, not a plausible inference from the facts pled. Officer Slimm's conduct, if true, could have contravened the training he received. Absent an allegation that the Borough did not train officers driving unmarked vehicles on apprehending suspects on foot or an allegation that the Borough was on notice that officers used their vehicles to

---

[3] Plaintiff's claims are asserted against the Borough of Lindenwold, which is the same legal entity as its police department. Boneberger v. Plymouth Township, 132 F.3d 20, 25 n.4 (3d Cir. 1997) (a municipality and its police department are a single entity for the purposes of § 1983 liability). Plaintiff properly did not name the police department as a separate defendant. Plaintiff's claims against the individual defendants are in their individual and official capacities, and the official capacity claims are actually claims against the Borough of Lindenwold. See Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 n.55 (1978) (official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent").

subdue fleeing suspects by striking them, plaintiff has failed to allege sufficient facts to raise a reasonable expectation that discovery will reveal evidence tending to show an unlawful municipal policy and therefore municipal liability.  Cf., Connick, 131 S. Ct. at 1360 ("[W]hen city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program."); City of Canton v. Harris, 489 U.S. 378, 390 n.10 (1989) ("[C]ity policy makers know to a moral certainty that their police officers will be required to arrest fleeing felons.  The city has armed its officers with firearms, in part to allow them to accomplish this task.  Thus, the need to train officers in the constitutional limitations on the use of deadly force can be said to be 'so obvious,' that the failure to do so could properly be characterized as 'deliberate indifference' to constitutional rights.").  While we recognize that the Borough could be liable if it was aware of a practice of unconstitutional conduct by its officers or simply failed to implement any training on the use of force at all, plaintiff plead no facts in support of such claims.

   Similarly, plaintiff's Fourth Amendment claims cannot be maintained against Officer Burrows and Chief Brennan has they

are currently pled. "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). For Officer Burrows, other than claiming that Burrows was the passenger in the unmarked police car that Officer Slimm drove, plaintiff has not pleaded any allegations concerning Burrows' involvement in the incident. For Chief Brennan, although plaintiff claims that Brennan was the final decisionmaker for the police department, he does not provide any substance to support that conclusory allegation. A supervisor, such as a chief of police, may be held liable under § 1983 if that supervisor was "involved personally, meaning through personal direction or actual knowledge and acquiescence, in the wrongs alleged." McKenna v. City of Philadelphia, 582 F.3d 447, 460 (3d Cir. 2009). Simply because Officer Slimm allegedly committed excessive force, and the police department allegedly failed to properly train its officers in the proper use of force, does not automatically impute liability for those failures to the police chief, absent some basic factual basis for the chief's personal involvement.

Accordingly, plaintiff's excessive force claims may proceed

14

against Slimm and they will be dismissed as to the other defendants.

### (2) Plaintiff's assault and battery and negligence claims

A person is subject to liability for the common law tort of assault if: "(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension." Leang v. Jersey City Bd. of Educ., 969 A.2d 1097, 1117 (N.J. 2009) (citation omitted). The tort of battery rests upon a nonconsensual touching. Id. (citation omitted). Plaintiff claims that when Officer Slimm chased him with the car and ran over him with his vehicle, Slimm committed assault and battery. This claim is sufficient to proceed.[4]

---

[4] The Court notes that the notice provision of the New Jersey Tort Claims Act, N.J.S.A. 59:8-3, applies to both intentional and non-intentional torts asserted against public employees. Lassoff v. New Jersey, 414 F. Supp. 2d 483, 490 (D.N.J. 2006) (citing Velez v. City of Jersey, 180 N.J. 284, 286, 850 A.2d 1238 (2004)). Moreover, under the NJTCA, "A public employee is not liable if he acts in good faith in the execution or enforcement of any law. Nothing in this section exonerates a public employee from liability for false arrest or false imprisonment." N.J.S.A. 59:3-3. The NJTCA strips a public employee of any immunity, however, if that employee is found to have engaged in "willful misconduct." N.J.S.A. 59:3-14(a). The defense of failure to file notice under the Tort Claims Act is an affirmative one which must be pleaded in order to avoid surprise, and a defendant may be found to have waived the protection thereof by failing to plead it as a defense. Hill v. Board of Educ. of Middletown Tp., 443 A.2d 225, 227-28 (N.J. Super. Ct. App. Div. 1982).

15

The same may be said for Plaintiff's claim of negligence. Pled in the alternative, Plaintiff's factual allegations that Officer Slimm drove an unmarked police vehicle through areas reserved for pedestrian traffic and struck him causing bodily harm pleads sufficient facts to suggest a plausible claim of negligence.

**(3) Plaintiff's other claims**

The remaining claims in plaintiff's complaint are not supported by the proper factual foundation to satisfy the federal pleading requirements.  Other than conclusory statements, plaintiff has not articulated even the most minimal facts to suggest that defendants committed unlawful arrest, false imprisonment, malicious prosecution, intimidation, retaliation, emotional distress, or that defendants entered into a conspiracy to commit those violations.  All these remaining claims must be dismissed without prejudice for insufficient pleading.

## CONCLUSION

For the reasons expressed above, all claims in plaintiff's complaint will be dismissed, except for plaintiff's excessive force claims, brought pursuant to 42 U.S.C. § 1983, and arising under the New Jersey Constitution and New Jersey Civil Rights Act, and plaintiff's assault and battery and negligence claims, all brought against Officer Slimm.

Because the Court cannot rule out that Plaintiff may be able to allege additional facts in support of the dismissed claims, Plaintiff will be granted leave to file an amended complaint within 20 days of the filing of this Opinion.  An appropriate Order will be entered.


Date:  June 26, 2015                s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.